UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**GREATER GOODS, LLC,**<br><br>    Defendant. | Case No: 4:21-cv-00988<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Greater Goods, LLC files its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Display Technologies, LLC's Complaint. Greater Goods denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

### PARTIES AND JURISDICTION

1. Greater Goods admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, Title 35 of the United States Code. Greater Goods admits that Plaintiff seeks injunctive relief and damages but denies that Plaintiff is entitled to any relief from Greater Goods.

2. Greater Goods admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. Greater Goods is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4. Greater Goods admits that it is a Missouri limited liability company with its principal office at 4427 Chouteau Ave St. Louis, MO 63110. Greater Goods further admits that it may be served through its registered agent, James A. Beckemeier, 13421 Manchester Rd., Suite 103, St. Louis, MO 63131. Greater Goods denies the remaining allegations in Paragraph 4 of the Complaint.

5. Greater Goods does not contest whether personal jurisdiction over it properly lies in this District in this case, or that it conducts business in this District. Greater Goods denies it has committed or is committing acts of infringement within this District and, on that basis, denies the remaining allegations of Paragraph 5 of the Complaint.

6. Greater Goods admits that the presently accused Greater Goods Balance health app and BP monitor is used, imported, offered for sale, and/or sold in this District.

## VENUE

7. Greater Goods does not contest whether venue is proper in this District in this case, that it is a resident of this District, or that it has a regular and established place of business in this District. Greater Goods denies it has committed or is committing acts of infringement within this District and, on that basis, denies the remaining allegations of Paragraph 7 of the Complaint.

## COUNT I
## ([ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 9,300,723)

8. Greater Goods incorporates by reference its responses in Paragraphs 1–7 above as if fully set forth herein.

9. Greater Goods admits, based solely on the allegations of the Complaint and without admitting them as true, that the Complaint purports to allege a cause of action arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq*.

10. Greater Goods is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. Greater Goods admits that the purported copy of the '723 Patent, titled "Enabling social interactive wireless communications," is attached to the Complaint as Exhibit A.

12. Greater Goods denies that the '723 Patent is valid, enforceable, and duly issued in full compliance with Title 35 of the United States Code.

13. Greater Goods admits it makes, uses, and/or sells the Greater Goods Balance health app and BP monitor. Greater Goods denies it has committed or is committing acts of infringement and, on that basis, denies the remaining allegations of Paragraph 13 of the Complaint.

14. Greater Goods denies the allegations in Paragraph 14 of the Complaint.

15. Greater Goods denies the allegations in Paragraph 15 of the Complaint.

16. Greater Goods denies the allegations in Paragraph 16 of the Complaint.

17. Greater Goods denies the allegations in Paragraph 17 of the Complaint.

18. Greater Goods denies the allegations in Paragraph 18 of the Complaint.

19. Greater Goods denies the allegations in Paragraph 19 of the Complaint.

20. Greater Goods denies the allegations in Paragraph 20 of the Complaint.

21. Greater Goods denies the allegations in Paragraph 21 of the Complaint.

22. Greater Goods denies the allegations in Paragraph 22 of the Complaint.

23. Greater Goods denies the allegations in Paragraph 23 of the Complaint.

24. Greater Goods denies the allegations in Paragraph 24 of the Complaint.

25. Greater Goods is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint and, on that basis, denies all such allegations.

## [PLAINTIFF'S] PRAYER FOR RELIEF

Greater Goods denies that Plaintiff is entitled to any relief from Greater Goods and denies all the allegations contained in Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

Greater Goods's Affirmative Defenses are listed below. Greater Goods reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

**FIRST AFFIRMATIVE DEFENSE**

Greater Goods has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the '723 Patent.

**SECOND AFFIRMATIVE DEFENSE**

Each asserted claim of the '723 Patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**THIRD AFFIRMATIVE DEFENSE**

The claims of the '723 Patent are not entitled to a scope sufficient to encompass any system employed or process practiced by Greater Goods.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's right to seek damages and other remedies from Greater Goods is limited by 35 U.S.C. §§ 285, 286, 287, and/or 288, and may additionally be limited by 28 U.S.C. § 1498. For example, on information and belief, Plaintiff, its predecessors in interest, and/or its licensees failed to comply with or provide notice under the marking requirements of 35 U.S.C. § 287(a) and Plaintiff may not obtain damages for the period of time prior to the operative Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that Greater Goods makes, uses, or sells each claimed element of any asserted claim, or that Greater Goods directs or controls another entity to make, use, or sell any element that is not made, used, or sold by Greater Goods.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiff has not stated a plausible allegation that Greater Goods makes, uses, or sells each claimed element of any asserted claim, or that Greater Goods directs or controls another entity to make, use, or sell any element that is not made, used, or sold by Greater Goods.

4

## GREATER GOODS'S COUNTERCLAIMS

For its counterclaims against Plaintiff Display Technologies, LLC ("Display"), Counterclaim Plaintiff Greater Goods, LLC alleges as follows:

## PARTIES

1. Counterclaim Plaintiff Greater Goods is a corporation organized and existing under the laws of the State of Missouri, with its principal office located at 4427 Chouteau Ave St. Louis, MO 63110.

2. Upon information and belief based solely on Paragraph 3 of the Complaint as pled by Plaintiff, Counterclaim Defendant is a limited liability company organized and existing under the laws of the State of Texas, with an address at 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

## JURISDICTION

3. Greater Goods incorporates by reference Paragraphs 1–2 above.

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5. Display has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6. Based solely on Display's filing of this action, venue is proper, though not necessarily convenient, in this district pursuant at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

7. Greater Goods incorporates by reference Paragraphs 1–6 above.

8. Based on Display's filing of this action and at least Greater Goods's First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Greater Goods infringes U.S. Patent No. 9,300,723.

9. Greater Goods does not infringe the '723 Patent because, among other things, the accused Greater Goods Balance health app and BP monitor do not include a communication link structured to bypass the security measure of the media system for a limited permissible use of the communication link by the wireless mobile device for only transferring the at least one digital media file to, and displaying the at least one digital media file on, the media system.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., Greater Goods requests a declaration by the Court that Greater Goods has not infringed and does not infringe any claim of the '723 Patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II
## DECLARATION REGARDING INVALIDITY

11. Greater Goods incorporates by reference Paragraphs 1–10 above.

12. Based on Display's filing of this action and at least Greater Goods's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '723 Patent.

13. On information and belief, the claims of the '723 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, and the rules regulations, and laws pertaining thereto.

14. The '723 Patent is anticipated and/or rendered obvious by, inter alia, U.S. Pat. Nos. 7,624,417, 8,700,729, and/or 8,244,179.

15. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 et seq., Greater Goods requests a declaration by the Court that claims 19 and 20 of the '723 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## JURY DEMAND

Greater Goods hereby demands trial by jury on all issues in these Counterclaims.

## **PRAYER FOR RELIEF**

WHEREFORE, Greater Goods asks this Court to enter judgment in Greater Goods's favor and against Display by granting the following relief:

a)   a declaration that the '723 Patent is invalid;

b)   a declaration that Greater Goods does not infringe, under any theory, any valid claim of the '723 Patent that may be enforceable;

c)   a declaration that the '723 Patent is unenforceable;

d)   a declaration that Display take nothing by its Complaint;

e)   judgment against Display and in favor of Greater Goods;

f)   dismissal of the Complaint with prejudice;

g)   a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Greater Goods of its costs and attorneys' fees incurred in this action; and

h)   further relief as the Court may deem just and proper.


Dated:  August 31, 2021                    Respectfully submitted,

By:  */s/ Ben Stelter-Embry*
Ben A. Stelter-Embry, Mo. Bar No. 65404
Andrew B. Protzman, Mo. Bar No. 47086
PROTZMAN LAW FIRM, LLC
4001 W. 112th St., Suite 110
Leawood, Kansas 66211
P: 816-421-5100 | F: 816-421-5105
Email:  ben@protzmanlaw.com
            andy@protzmanlaw.com

and

Neil J. McNabnay (*pro hac vice* pending)
Texas Bar No. 24002583
mcnabnay@fr.com
Ricardo J. Bonilla (*pro hac vice* pending)
Texas Bar No. 24082704
rbonilla@fr.com
Michael A. Vincent (*pro hac vice* pending)

7

Texas Bar No. 24105738  
vincent@fr.com  
FISH & RICHARDSON P.C.  
1717 Main Street, Suite 5000  
Dallas, Texas 75201  
(214) 747-5070 - Telephone  
(214) 747-2091 – Facsimile  

**COUNSEL FOR DEFENDANT**  
**GREATER GOODS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 31, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Ben Stelter-Embry*  
LOCAL COUNSEL FOR DEFENDANT